IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE A. LEWIS,

      Petitioner,

v.                                                    No. CV 08-0469 BB/LAM

MARGRET BRADSHAW, Warden,
et al.,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

**THIS MATTER** is before the Court on Petitioner Wayne A. Lewis' *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (hereinafter, "*Petition*") (*Doc. 1*), filed on April 14, 2008. The Court has considered the *Petition* (*Doc. 1*), Respondents' *Answer* (*Doc. 20*), the record of this case and relevant law.[2] For the reasons set forth below, the Court recommends that the *Petition* (*Doc. 1*), and this proceeding, be **DISMISSED as moot**. Additionally, the Court recommends that *Petitioner's Motion for Preliminary Injunction to Stay Proceedings of Extradition Hearings in State Court Until Final Disposition of Petitioner's Petition for Writ of Habeas Corpus* (*Doc. 3*) be **DENIED as moot**.

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.**

[2] Petitioner did not file a reply in support of the *Petition* (*Doc. 1*).

*Background*

On April 8, 2004, Petitioner was indicted by a state grand jury on a single charge of distribution of marijuana in Dona Ana County, New Mexico, in Case No. D-307-CR-200400369. *See Answer* (*Doc. 20*), Exhibit A (*Doc. 20-2*) at page 14.³  Petitioner failed to appear at his arraignment in that case on July 12, 2004, and a bench warrant was issued for his arrest on August 30, 2004.  *Id.* at 10.  In December of 2005, Petitioner was arrested in Ohio for a parole violation and was incarcerated in that state.  *See* **Petition** (*Doc. 1*) at 4; *see also Doc. 1-2* at 17.  On February 12, 2008, New Mexico officials lodged a detainer against Petitioner with Ohio correctional officials for the pending New Mexico charge.  *See Answer* (*Doc. 20*), Exhibit B (*Doc. 20-2*) at 16.

On April 14, 2008, Petitioner filed his **Petition** (*Doc. 1*) in the United States District Court for the Northern District of Ohio seeking federal habeas relief under 28 U.S.C. § 2254.  In his **Petition** (*Doc. 1*), Petitioner challenges the detainer placed on him for the New Mexico charge. More specifically, he contends that he has been denied the right to a speedy trial in the prosecution of the New Mexico charge.  *See* **Petition** (*Doc. 1*) at 4-5.  Although he does not specify the relief sought, the Court presumes that Petitioner seeks dismissal of the New Mexico indictment and removal of the New Mexico detainer.⁴  On May 12, 2008, the Ohio court entered an **Order of Transfer** (*Doc. 4*), transferring Petitioner's habeas proceeding to this Court.

It appears from the record that Petitioner was released from custody in Ohio on or about June 18, 2008.  *See* **Respondents' Second Motion for an Extension of Time to File an Answer, or**

---

³Unless otherwise stated, all documents are cited to the page numbers shown on the document header in the Court's CM-ECF electronic docketing system.

⁴In his prayer for relief, Petitioner asks the Court to "grant petitioner relief to which he may be entitled in this proceeding."  **Petition** (*Doc. 1*) at 7.

*in the Alternative to Dismiss Petition* (*Doc. 16*) at 2, ¶ 3(b).  There is no indication in the record that he was ever returned to custody in connection with his New Mexico case.[5]

According to the docket sheet for Petitioner's New Mexico case, he filed a motion in that case on July 11, 2008, seeking to dismiss the case for violation of his right to a speedy trial.  *See Answer* (*Doc. 20*), Exhibit A (*Doc. 20-2*) at 2.  On September 8, 2008, the state court judge granted Petitioner's motion and the New Mexico case was dismissed.  *See Answer* (*Doc. 20*), Exhibit B (*Doc. 20-2*) at 15-17.  In ruling on Petitioner's motion to dismiss, the state court judge expressly found that the State of New Mexico had violated Petitioner's Sixth Amendment right to a speedy trial.  *Id.* at 17.

In their *Answer (Doc. 20)*, Respondents contend that the *Petition* (*Doc. 1*) should be dismissed because Petitioner is not in custody and his New Mexico state court case has been dismissed for violation of the right to a speedy trial.  *See Answer* (*Doc. 20*) at 2-3.  A check of the electronic record of the docket sheet for Case No. D-307-CR-200400369 by this Court on December 3, 2008, using the New Mexico Administrative Office of the Courts website http://www.nmcourts.gov/caselookup confirms that Petitioner's state court case was dismissed on September 8, 2008, and that the dismissal has not been appealed.  Under New Mexico law, the time for filing a notice of appeal of the dismissal order has expired.[6]

## *Analysis*

---

[5] The Court notes that the docket in this case shows that a mailing sent to Petitioner by the Court at his then address of record at Grafton Correctional facility in Grafton, Ohio, on June 17, 2008, was returned in an envelope, filed as *Document 15*, marked "released."  In their *Answer* (*Doc. 20*), Respondents allege that Petitioner was extradited to New Mexico for a trial scheduled to take place in his state court case on September 19, 2008.  *See Answer* (*Doc. 20*) at ¶ 2.  However, there is no evidence of this extradition in the record apart from Respondents' allegation.

[6] Under New Mexico law, a notice of appeal must generally be filed "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office."  *See* Rule 12-201 of the New Mexico Rules of Appellate Procedure (2008).

Because the ***Petition*** (*Doc. 1*) does not challenge the validity of a New Mexico state court conviction, the Court construes it as a petition for habeas relief under 28 U.S.C. § 2241. Relief under 28 U.S.C. § 2254 requires that an individual be "a person in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a). Section 2241, on the other hand, authorizes federal courts to issue the writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States" before a court judgment is rendered. 28 U.S.C. § 2241(c)(3). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 n. 4 (1973) (petitioner held in one state allowed to challenge a detainer lodged against him by another state in habeas proceeding under Section 2241(c)(3).

Under Article III, § 2 of the United States Constitution, "the exercise of [federal] judicial power depends upon the existence of a case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (internal quotation marks and citation omitted). This means that a federal habeas petitioner must show that he has suffered, or is threatened with, an actual injury traceable to the respondent which is likely to be redressed by a favorable judicial decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If a petitioner cannot show an existing case or controversy through all stages of his litigation, his case becomes moot, depriving the court of its power to act because there is nothing to remedy even if the court were disposed to do so. *Id.* at 18. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citing *Beattie v. United States*, 949 F.2d 1092, 1093 (10th Cir. 1991)). Moreover, because mootness is a matter of jurisdiction, this Court may raise the issue of mootness sua sponte. *Id.*

Due to the dismissal of Petitioner's New Mexico state court case for violation of his right to a speedy trial, and the State of New Mexico's failure to timely appeal such dismissal, Petitioner's claim in this proceeding is now moot. The state court case has been disposed of and the detainer based on Petitioner's New Mexico indictment is no longer of any force or effect. *See* N.M. Stat. Ann. § 31-5-12 (1978), Article 5, Section C (detainer ceases to be of any force and effect when indictment on which detainer is based is dismissed by appropriate court of the jurisdiction where the indictment was pending). Consequently, there is nothing to remedy in the instant case, even if the Court were disposed to do so. Thus, there is no Article III case or controversy, and no jurisdiction over Petitioner's claim.

Nor does any exception to the mootness doctrine apply in this case. Petitioner has failed to demonstrate any secondary or collateral injuries from the detainer or dismissed state court case. Nor has he made any showing of a wrong capable of repetition yet evading review or shown that Respondents voluntarily ceased an allegedly illegal practice but are free to resume it at any time. Finally, this case was not brought as a certified class action suit. *See Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (describing exceptions to mootness doctrine in habeas case brought pursuant to 28 U.S.C. § 2241).

Based on the record before it, the Court concludes that Petitioner's claim in this proceeding is moot and the Court lacks jurisdiction to decide his claim. Therefore, the Court recommends that the ***Petition*** (*Doc. 1*), and this proceeding, be **DISMISSED** as moot.

### *Petitioner's Motion for Preliminary Injunction*

In ***Petitioner's Motion for Preliminary Injunction to Stay Proceedings of Extradition Hearings in State Court Until Final Disposition of Petitioner's Petition for Writ of Habeas***

*Corpus* (*Doc. 3*), Petitioner appears to seek an order staying his extradition from Ohio to New Mexico until there is a final disposition of his federal habeas claim. *Id.* at 8  The dismissal of Petitioner's New Mexico state court case, on which the detainer lodged in Ohio was based, and the consequent removal of the detainer render this motion moot.  Therefore, the Court recommends that this motion be **DENIED** as moot.

## RECOMMENDED DISPOSITION

The Court recommends that Petitioner Wayne A. Lewis' *Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody* (*Doc. 1*), and this proceeding, be **DISMISSED as moot**.  Additionally, the Court recommends that *Petitioner's Motion for Preliminary Injunction to Stay Proceedings of Extradition Hearings in State Court Until Final Disposition of Petitioner's Petition for Writ of Habeas Corpus* (*Doc. 3*) be **DENIED as moot**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**